AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## Eastern District of North Carolina - Western Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| **HERMAN BARRIOS** | Case Number: 5:04CR00442-001 |
| | JOSEPH CRAVEN |
| | Defendant's Attorney |

08 CRIM 102

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 228 (a)(3) | Failure to Pay Past Due Child Support Obligation | 10/20/2004 | 1 |

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: _____
Defendant's Date of Birth: _____
Defendant's USM No.: 68944-053
Defendant's Residence Address:

Defendant's Mailing Address:

NC

06/07/2005
Date of Imposition of Judgment

*[signature]*
Signature of Judicial Officer

**MALCOLM J. HOWARD**
**UNITED STATES DISTRICT JUDGE**
Name & Title of Judicial Officer

6-7-05
Date

DIST 

AO 245B (Rev. 3/95) Sheet 4 - Probation

Judgment-Page __2__ of __5__

DEFENDANT: **HERMAN BARRIOS**
CASE NUMBER: **5:04CR00442-001**

## PROBATION

The defendant is hereby placed on probation for a term of ___5___ year(s).

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

> The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

> ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

> If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

> The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Page 3

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 2458 (Rev. 3/95) Sheet 4 - Probation

Judgment-Page 3 of 5

DEFENDANT: **HERMAN BARRIOS**
CASE NUMBER: **5:04CR00442-001**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

The defendant shall provide the probation office with access to any requested financial information.

The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 180 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant shall pay for electronic monitoring services as directed by the probation officer.

The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

The defendant shall submit a written weekly report to the probation office, if not regularly employed, of attempts to secure gainful employment.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall participate in a vocational training program as directed by the probation office.

The defendant shall file personal income tax returns for all future years as provided by law.

AO 245B (Rev. 3/95) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page __4__ of __5__

DEFENDANT: HERMAN BARRIOS
CASE NUMBER: 5:04CR00442-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ 21,631.41 |

If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

The interest requirement is waived.

The interest requirement is modified as follows:

## RESTITUTION

The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| NC Centralized Child Support Collections | $21,631.41 | $21,631.41 | |
| Totals: | $ 21,631.41 | $ 21,631.41 | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

Case 1:08-cr-00102-LAK  Document 2  Filed 02/13/2008  Page 5 of 5
Case 5:04-cr-00442-H  Document 11  Filed 06/07/2005  Page 5 of 5

AO 245B (Rev 3/95) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page 5 of 5

DEFENDANT: **HERMAN BARRIOS**
CASE NUMBER: **5:04CR00442-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [X] See special instructions below

B  [ ] $ _____ immediately, balance due (in accordance with C, D, or E); or

C  [ ] not later than _____ ; or

D  [ ] in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  [ ] in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**Payment of the total special assessment shall be due in full immediately. No fine imposed in this case. Payment of the total restitution shall be due and payable in equal monthly installments of $200 over a period of 5 years to commence 30 days after the date of the judgment. The probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.**

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the Clerk, U.S. District Court, Attn: Financial Unit, Post Office Box 25670, Raleigh, NC 27611, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.